**Joseph P. Slawinski, Esq.**
Law Offices of Steven A. Varano, P.C.
96 Newark Pompton Turnpike
Little Falls, New Jersey 07424
973-256-1414 – Telephone
973-256-6111 – Facsimile
Attorneys for Plaintiff
Fabian Landa

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FABIAN LANDA,<br><br>        Plaintiff,<br>vs.<br><br>PORT AUTHORITY OF NEW YORK AND NEW JERSEY, PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT, JOHN AND JANE DOES 1-10 (fictitious names),<br><br>        Defendants. | Civil Case No.:<br><br><br>**COMPLAINT AND DEMAND FOR TRIAL BY JURY** |

Plaintiff, Fabian Landa, residing in the Township of Union, County of Union, State of New Jersey, by way of Complaint against the Defendants, the Port Authority of New York and New Jersey, the Port Authority of New York and New Jersey Police Department, and John and Jane Does, 1-10 (fictitious names), says:

**JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343 and the pendent jurisdiction of this Court over state law claims, including N.J.S.A. 32:1-162. Venue is proper within this District because the unlawful practices complained of herein all occurred

within the District of New Jersey.

2. The causes of actions alleged seek to protect the right to be free from unlawful employment practices and to redress the deprivation of civil rights under the color of state law and of rights secured by the United States Constitution, and the statutory and common laws of the State of New Jersey, and to recover damages, costs, and attorneys fees under 42 U.S.C. §1983, §1985, §1986 and §1988.

3. The actions (and inactions) and conspiracies alleged herein were engaged in and carried out by all Defendants as officials, agents, employees, and co-conspirators of the Port Authority of New York and New Jersey and Port Authority of New York and New Jersey Police Department acting by and through their employees, agents, officials and co-conspirators pursuant to governmental policy, practice, and custom and under color of law.

## THE PARTIES

4. Plaintiff is Hispanic male.

5. Defendant, Port Authority of New York and New Jersey [hereinafter, the "Port Authority"] is a public entity doing business in the District of New Jersey.

6. Defendant Port Authority of New York and New Jersey Police Department [hereinafter, the "PAPD"] is a public entity doing business in the District of New Jersey.

7. Plaintiff was a Port Authority Police Officer and held the rank of Sergeant while working at the LaGuardia Airport and PATH Command 2016 to 2022.

8. All the Defendants collectively and separately engaged in activity which violates state and federal law, common law, and statutory law. All the Defendants engaged in intentional, fraudulent, criminal and quasi-criminal activities which resulted in blatant disregard of administrative procedures and anti-bias legislation. The Defendants also violated Plaintiff's

rights, liberties, and protection guaranteed by the Constitution of the United States and created an intolerable, abusive, hostile work environment, and permitted and engaged in retaliatory conduct.

9. The misconduct of all of the Defendants has resulted in the injuring of Plaintiff.

10. Defendants John and Jane Does 1 through 10 are currently unidentified individuals who acted in concert with Defendants and/or currently unidentified individuals responsible for the acts alleged by Plaintiff. Defendants are currently unidentified individuals who may have liability for the damages suffered by Plaintiff under any theory advanced herein. Said Defendants are fictitiously named herein inasmuch as their current identities are unknown to Plaintiff. These fictitiously named defendants are listed herein based upon their participation in the events recounted below. Any and all allegations against any of the specially named defendants should be deemed to include and list these fictitiously named defendants automatically by reference. As the true identities of these defendants are made known to Plaintiff, said John and Jane Doe defendants shall be designated by proper name.

## STATEMENT OF FACTS

1. Plaintiff, Fabian Landa, is currently a Port Authority Police Lieutenant for the PAPD. Plaintiff served as a police officer for the PAPD in the Newark Liberty International Airport Command/Precinct from 2007-2008 and in the PATH Command/Precinct from 2008-2016.[1]

2. Since 2016, Plaintiff has been working at the LaGuardia Airport and PATH Command as a Police Sergeant. Plaintiff's law enforcement experience includes, but is not limited to, using sophisticated surveillance camera systems along the PATH Train system to apprehend criminals, working with specialized units such as Bomb Squad, K-9, and the Emergency Service Unit, preserve crime scenes, gather evidence, and facilitate the safe transportation of patrons and employees of the Port Authority. Plaintiff also has extensive knowledge and experience with

---

[1] At all relevant times herein, Plaintiff was a Sergeant for the PAPD.

computers and technology.

3. Plaintiff received a Bachelor of Science degree in Business Administration from New Jersey City University. Plaintiff received training in Community Policing Leadership, Drug Monitoring Initiative/Drug Recognition and Prevention Resources for First Responders, U.S. Department of Homeland Security Incident Command System Response & National Incident Management Systems Development Trained, Counter Terrorism Behavioral Recognition, Active Shooter & Threat Hazard Recognition & Emergency, Cell Block Management & Suicide Prevention, PATH Field Training Officer, First Responder and Basic Life Support, and Basic Aircraft Firefighter Rescue.

4. Plaintiff also received a variety of awards and accolades throughout his career, including, but not limited to the PAPD Unit Citation in 2008, 2013, and 2014. Plaintiff was recognized by the Superintendent/Director of Public Safety in December 2013 for excellent police work. More recently, Plaintiff received the Pillars of the Port Authority Award in 2021. He was a recording secretary for the Port Authority Police Hispanic Society and is an active member of the Port Authority Hispanic Society and the Hispanic American Law Enforcement Association.

5. On April 21, 2018, Plaintiff took the Police Lieutenant written exam and achieved a passing score of 88. Notably, the highest known score was a 91, which was achieved by two other Sergeants who had been promoted to Lieutenant and Detective Sergeant positions.

6. On September 26, 2018, Plaintiff sat for the Police Lieutenant interview, referred to as the Qualifications Review Meeting ("QRM"), and received an assessment of "Highly Recommended." All candidates receive a rating of either "Highly Recommended", "Recommended", or "Not Qualified". Those candidates on the "Highly Recommended" roster are promoted first, and, once that list is exhausted, the PAPD moves to the "Recommended"

roster.

7. Plaintiff was on the "Highly Recommended" roster for Police Lieutenant since December 19, 2018. All candidates who successfully passed the written exam in April of 2018, were advised on August 21, 2019 that they would be waived from having to take the written test for the September 2019 evaluation. However, the candidates for the written test being administered in September 2019 were merged with the existing 30 qualified candidates for Lieutenant without prioritizing the existing candidates.

8. In addition, Plaintiff was on the "Highly Recommended" roster for Detective Sergeant since May of 2021.

9. Plaintiff had the Detective Sergeant QRM during the summer of 2019. On November 21, 2019, Plaintiff was advised by Michael Ford of Human Resources for the PAPD, that he was "Not Recommended" after soliciting his results.

10. However, on April 20, 2021, Plaintiff had another Detective Sergeant QRM and this time received an assessment of "Highly Recommended."

11. Since 2018, despite being "Highly Recommended" for promotion to both Lieutenant and Detective Sergeant, Plaintiff was bypassed on numerous occasions for these promotions. Meanwhile, promotions to Lieutenant and Detective Sergeant were given to officers with less seniority, fewer credentials, less time in rank, and lower test scores.

12. Since November 2019, twenty-eight (28) Sergeants were promoted to the rank of Police Lieutenant, twenty (20) of which were junior Sergeants to Plaintiff at the time of promotion.

13. Notably, most, if not all, of the twenty-eight (28) Sergeants who were promoted, had limited time in the rank of Sergeant and were promoted soon after the required two year eligibility period.

14. In January 2020, several candidates who passed the written portion of the Lieutenants exam, were given the opportunity to improve their standing on the roster from "Not Recommended" or "Recommended" to "Highly Recommended" by re-taking the QRM. At least two candidates improved their assessment to "Highly Recommended" and were subsequently promoted to the rank of Police Lieutenant while Plaintiff was again bypassed for the promotion.

15. One of the candidates was Lt. Chris McNerney, who, upon information and belief, was involved in a troublesome issue, which previously disqualified him from taking the QRM for Lieutenant. Lt. McNerney was assigned to the Superintendent's Office and currently serves as the "Chief of Staff" to the Superintendent of Police Edward Cetnar.

16. Lt. McNerney makes recommendations as to who should be promoted, sits in on meetings that establish major and minor policy changes, and provides counsel to the Superintendent on day-to-day police and personnel matters. Several of the twenty-eight (28) Sergeants who were promoted to Police Lieutenant, were close acquaintances of Lt. McNerney.

17. Notably, Lt. McNerney has disliked Plaintiff since they worked together at the PATH Police Command and has retaliated against Plaintiff for Plaintiff voicing objections to fellow officers as a result of an incident that took place in 2012.

18. Specifically, in 2012 after Hurricane Sandy, Plaintiff, along with other officers of similar or different ranks, volunteered his time to help with recovery efforts around the New Jersey shore. Plaintiff was not compensated for any of his time for volunteering.

19. However, in and around that time, the Port Authority selected twelve officers, of similar or different ranks to Plaintiff, to go down to the New Jersey shore for two weeks to help with recovery efforts. The twelve officers selected actually received compensation for their help, however, Plaintiff who volunteered his time, did not receive compensation and was not selected

as one of the twelve officers despite numerous requests.

20. Subsequently, Plaintiff voiced his objections and concerns regarding the fairness of the Port Authority's selection to his fellow colleagues, the PAPD and to the public. Soon after, upon learning of Plaintiff's expressions of free speech, on November 21, 2012, Plaintiff received a call from Lt. McNerney regarding Plaintiff's objections and threatened Plaintiff that he has no business speaking out about any of the Port Authority's decisions.

21. Furthermore, Plaintiff has been advised that the Police Benevolent Association's ("PBA") Union head, Paul Nunziato, who is a close associate of Lt. McNerney, is not a "fan" of Plaintiff and used his political strength and influence within the agency to disrupt Plaintiff's career path to Lieutenant. Mr. Nunziato went as far as assigning his own niece, a recent graduate from the police academy, to monitor Plaintiff. Mr. Nunziato also was instrumental in having Plaintiff removed from a humanitarian mission in the Caribbean during hurricane Maria, and in response to Plaintiff's objections to same, Mr. Nunziato had Alice Ring, a close family friend of Plaintiff, removed from the Port Authority Honor Guard.

22. Plaintiff also received warnings and even threats of halting any potential career advancements from the PBA Union representatives when Plaintiff took appropriate supervisory actions.

23. Moreover, Plaintiff's access to Human Resources has been further frustrated due to a Department Operations Order (2016-OPS-07) entitled "Chain of Command" revised on December 15, 2020, prohibiting any contact with Human Resources regarding questions and/or concerns about assignments, promotions, etc.[2] In response to same, Plaintiff emailed his commanding officer requesting a meeting to discuss promotional concerns to no avail. Subsequently, a Lieutenant from Plaintiff's command was advised of Plaintiff's intentions and

---

[2] This is contrary to one of the fundamental purposes of a Human Resources Department.

told him that he should be careful with his requests.

24. On August 24, 2021, Plaintiff learned that he was again bypassed for promotion to Lieutenant. The promotions were given to two officers, both of which are two years junior to Plaintiff. Moreover, upon information and belief, one of the newly promoted candidates was on the "Recommended" roster and not the "Highly Recommended" roster. Candidates who receive a "Highly Recommended" assessment must be promoted prior to those on the "Recommended" roster. Rosters are not available to view or made public and checking with the Human Resources Department is not permitted therefore, there is no way to confirm same.

25. In promoting Sergeants to the rank of Lieutenant, the Superintendent's Office made the promotions based, in part, on race. In at least four rounds of promotions, the Superintendent has promoted five candidates in each round, three of which were white, one African American, and one Hispanic. The Superintendent created a system where candidates like Plaintiff, who are Hispanic, are competing against other Hispanics for the one slot designated for a Hispanic individual.

26. Plaintiff has been unlawfully discriminated against because of his race, retaliated against for voicing objections, and retaliated against for exercising his Constitutional rights. Moreover, Plaintiff's substantive and procedural due process rights have been violated by a promotional process that is arbitrary and capricious. Plaintiff was also threatened not to raise any employment related issues with Human Resources. These unlawful actions caused Plaintiff to be unable to pursue his career aspirations, damaged his current earning potential, hindered his post-career opportunities, and caused him emotional distress.

27. Due to being bypassed again during the summer of 2021, Plaintiff was required to retake the Police Lieutenant written exam in November 2021. Plaintiff was also required to retake the

Lieutenant QRM and completed the interview on March 29, 2022. During this time, additional promotions were made.

28. On June 6, 2022, Plaintiff was advised that he received an assessment of "Highly Recommended" on the Lieutenant QRM.

29. On or about July 7, 2022, six new individuals were promoted to Lieutenant who were on the July 7, 2022 "Highly Recommended" roster and Plaintiff was again, not one of those individuals.

30. On July 24, 2022, Plaintiff was finally promoted to Lieutenant. However, despite being the third most senior on the "Highly Recommended" roster and openings available at more desirable locations, including Newark, PATH Command and World Trade Center. Plaintiff was assigned to serve at the John F. Kennedy International Airport, which is an undesirable location due to the inconvenience of travel and costs associated to same.

## COUNT I
### (Due Process Violations, 42 U.S.C. § 1983)

1. Plaintiff repeats and realleges the allegations set forth in the above paragraphs as if set forth at length herein.

2. At all times material hereto, Defendants acted by and through their respective agents, servants and employees who were acting within the course and scope of their employment.

3. Defendants intentionally and wrongfully bypassed Plaintiff for promotions to Lieutenant and Detective Sergeant in retaliation for Plaintiff voicing objections to fellow officers, the PAPD, and the public. Plaintiff was on the "Highly Recommended" roster since 2018 and was next in line for promotion. Candidates who receive a "Highly Recommended" assessment must be promoted prior to those on the "Recommended" roster.

4. Despite this process, on August 24, 2021, promotions were given to two officers, both of

9

which are two years junior to Plaintiff and upon information and belief, one of the newly promoted candidates was on the "Recommended" roster and not the "Highly Recommended" roster.

5. Defendants, arbitrarily and capriciously, disregarded the promotional process and offered promotions to officers with less seniority, fewer credentials, less time in rank, and lower test scores. This was contrary to Defendants' own policies and procedures and to the reasonable expectations of the officers in the PAPA.

6. Moreover, Plaintiff was further denied his right to discuss his questions and concerns regarding promotions with the Human Resources Department and threatened not to make such requests.

7. Defendants violated Plaintiff's rights guaranteed by the Fourteenth Amendment to the United States Constitution. Plaintiff was deprived of equal protection and his right ot procedural and substantive due process rendering Defendants liable to Plaintiff pursuant to 42 U.S.C § 1983.

8. Defendants are liable to Plaintiff pursuant to 42 U.S.C § 1983 because Defendants acted under the color of law and exhibited a reckless and callous indifference to Plaintiff's rights through their purposeful actions, willful misconduct and evil motive. Moreover, the custom, policy and practice of Defendants caused Plaintiff to be harmed.

9. As a result of Defendant's wrongful conduct, Plaintiff has been deprived of his employment rights and other rights, has lost wages, and other emoluments of the positions denied. Plaintiff has sustained injury to his reputation and future employability. Plaintiff has also suffered emotional distress, pain, and suffering. Further, Plaintiff has been compelled to retain an attorney to vindicate his rights. Additionally, Plaintiff has been otherwise injured.

**WHEREFORE,** Plaintiff, Fabian Landa, demands judgment against Defendants, jointly and

severally, for money damages, pre and post judgment interest, attorneys' fees and costs of suit, for back pay and front pay, promotion, compensatory damages, attorneys' fees pursuant to 42 U.S.C § 1988 and such other relief as this Court may award in the interests of justice.

## COUNT II
### (First Amendment Violations, U.S.C. § 1983)

1. Plaintiff repeats and realleges the allegations set forth in the above paragraphs as if set forth at length herein.

2. Plaintiff wanted to formally address his questions and concerns regarding assignments and promotions with the Human Resources Department. In response to same, Plaintiff emailed his commanding officer requesting a meeting to discuss promotional concerns to no avail. Subsequently, a Lieutenant from Plaintiff's command was advised of Plaintiff's intentions and threatened him that he should be careful with his requests in violation of his right of free expression under the First Amendment.

3. On a different occasion, Plaintiff made comments to fellow officers, the PAPD and the public regarding the Port Authority's disparate treatment regarding the recovery efforts at the New Jersey shore after Hurricane Sandy. Lt. McNerney learned of Plaintiff's comments and threatened him for making such comments and conspired to retaliate against Plaintiff by interfering with the promotional process in violation of his right of free expression under the First Amendment.

4. Defendants violated Plaintiff's rights guaranteed by the First Amendment to the United States Constitution.

5. Defendants are liable to Plaintiff pursuant to 42 U.S.C § 1983 because Defendants acted under the color of law and exhibited a reckless and callous indifference to Plaintiff's rights through their purposeful actions, willful misconduct and evil motive. Moreover, the custom,

policy and practice of Defendants caused Plaintiff to be harmed.

6. As a result of Defendant's wrongful conduct, Plaintiff has been deprived of his employment rights and other rights, has lost wages, and other emoluments of the positions denied. Plaintiff has sustained injury to his reputation and future employability. Plaintiff has also suffered emotional distress, pain, and suffering. Further, Plaintiff has been compelled to retain an attorney to vindicate his rights. Additionally, Plaintiff has been otherwise injured.

**WHEREFORE,** Plaintiff, Fabian Landa, demands judgment against Defendants, jointly and severally, for money damages, pre and post judgment interest, attorneys' fees and costs of suit, for back pay and front pay, promotion, compensatory damages, attorneys' fees pursuant to 42 U.S.C § 1988 and such other relief as this Court may award in the interests of justice.

## COUNT III
**(Intentional Infliction of Emotional Distress)**

1. Plaintiff repeats and realleges the allegations set forth in the above paragraphs as if set forth at length herein.

2. As set forth in the proceeding paragraphs, Plaintiff suffered ongoing disparate treatment whereby he was continually subjected to demeaning, discriminatory, and distressing behavior caused by Defendants. Furthermore, Plaintiff was threated not to address his questions and concerns regarding assignments and promotions.

3. Defendants intentionally imposed verbal and mental abuse on Plaintiff, forced him to endure a hostile and embarrassing work environment, and caused him to suffer sever mental and emotional distress. As a direct, foreseeable, and proximate result of the outrageous action of Defendants, Plaintiff has suffered damages including but not limited to emotional distress, humiliation, embarrassment and anxiety, manifesting itself in physical and psychological symptoms.

4. Defendants acted intentionally, maliciously, and/or in gross and wonton disregard of the well-being of Plaintiff and caused Plaintiff to sustain emotional upset and injury.

5. The Port Authority and the PAPD are responsible for the actions of its employees pursuant to the doctrine of *Respondeat Superior*.

6. As a result of Defendant's wrongful conduct, Plaintiff has been deprived of his employment rights and other rights, has lost wages, and other emoluments of the positions denied. Plaintiff has sustained injury to his reputation and future employability. Plaintiff has also suffered emotional distress, pain, and suffering. Further, Plaintiff has been compelled to retain an attorney to vindicate his rights. Additionally, Plaintiff has been otherwise injured.

**WHEREFORE,** Plaintiff, Fabian Landa, demands judgment against Defendants, jointly and severally, for money damages, pre and post judgment interest, attorneys' fees and costs of suit, for back pay and front pay, promotion, compensatory damages, attorneys' fees pursuant to 42 U.S.C § 1988 and such other relief as this Court may award in the interests of justice.

## COUNT IV
**(New Jersey Law Against Discrimination "NJLAD" Against Port Authority and PAPD)**

1. Plaintiff repeats and realleges the allegations set forth in the above paragraphs as if set forth at length herein.

2. Plaintiff incorporates by reference each and every allegation made previously herein.

3. Plaintiff, a Hispanic man, was qualified for the position of Lieutenant. Plaintiff's opportunity for promotion, however, was bypassed while nonmembers of the protected class with lower test scores were treated more favorably.

4. The Superintendent's Office made promotions based, in part, on race. The Superintendent has promoted five candidates in each round, three of which were white, one African American, and one Hispanic. The Superintendent created a system where candidates like Plaintiff, who are

Hispanic, are competing against other Hispanics for the slot designated for a Hispanic individual.

5. Defendants knew or should have known of the discriminatory promotion process. However, no action was taken against the culpable parties who were protected by Defendants, who directly condoned and participated in the misconduct by allowing the foresaid conduct to continue and by failing to conduct a proper and swift investigation.

6. Defendants are liable for the acts of their employees, agents, and officals pursuant to the doctrine of *Respondeat Superior*. Moreover, the custom, policy and practices of the employer caused Plaintiff harm.

7. As a direct result of the Defendants' actions in violation of the NJLAD, N.J.S.A. 10:5-1 et seq., Plaintiff has been deprived of his employment rights and other rights, has lost wages, and other emoluments of the positions denied. Plaintiff has sustained injury to his reputation and future employability. Plaintiff has also suffered emotional distress, pain, and suffering. Further, Plaintiff has been compelled to retain an attorney to vindicate his rights. Additionally, Plaintiff has been otherwise injured.

**WHEREFORE,** Plaintiff, Fabian Landa, demands judgment against Defendants, jointly and severally, for money damages, pre and post judgment interest, attorneys' fees and costs of suit, for back pay and front pay, promotion, compensatory damages, attorneys' fees pursuant to 42 U.S.C § 1988 and such other relief as this Court may award in the interests of justice.

## COUNT V
### (Retaliation in Violation of NJLAD, N.J.S.A. 10:5-12(d))

1. Plaintiff repeats and realleges the allegations set forth in the above paragraphs as if set forth at length herein.

2. Plaintiff repeatedly complained about the disparate treatment he endured and voiced complaints about his hostile work environment.

3. As a result of Plaintiff's complaints about not receiving promotions based, in part, upon a racially engineered process, Plaintiff was subjected to unjustified and intense on the job harassment, intimidation, constant humiliation, discrimination, disparate treatment in the workplace, and total inaction on his repeated complaints. He was bypassed for promotion on pretextual grounds after voicing these complaints and was thus retaliated against for his valid objections to being the victim of discrimination, harassment, and of a hostile workplace.

4. There was a causal connection between his complaints and these adverse employment actions.

8. As a direct result of the actions of Defendants in violation of the NJLAD, N.J.S.A. 10:5-12(d), *et seq*., Plaintiff has been deprived of his employment rights and other rights, has lost wages, and other emoluments of the positions denied. Plaintiff has sustained injury to his reputation and future employability. Plaintiff has also suffered emotional distress, pain, and suffering. Further, Plaintiff has been compelled to retain an attorney to vindicate his rights. Additionally, Plaintiff has been otherwise injured.

**WHEREFORE,** Plaintiff, Fabian Landa, demands judgment against Defendants, jointly and severally, for money damages, pre and post judgment interest, attorneys' fees and costs of suit, for back pay and front pay, promotion, compensatory damages, attorneys' fees pursuant to 42 U.S.C § 1988 and such other relief as this Court may award in the interests of justice.

## COUNT VI
### (Misfeasance/Malfeasance/Nonfeasance)

1. Plaintiffs repeat and reallege the allegations set forth in the above paragraphs as if set forth at length herein.

2. Defendants, without any legitimate basis and contrary to law, continued to refuse to promote Plaintiff to the rank of Lieutenant despite his clear qualifications for promotions in an

improper attempt to stymie Plaintiff's advancement and waited for a new rosters to come out so that favorites can be promoted.

3. By refusing to promote Plaintiff and taking other adverse employment actions, Defendants, without any basis in law or fact, committed ultra vires acts violating the New Jersey Constitution, State Statutes, and applicable case law.

4. Defendants committed malfeasance by doing acts which are and were positively unlawful and wrong. Defendants also committed misfeasance due to the wrongful and injurious exercise of lawful authority and the doing of lawful acts in an unlawful manner. Defendants committed nonfeasance by failing to take action to promote Plaintiff when there was a duty to so act.

5. Defendants are all liable for the acts of their employees pursuant to the doctrine of *Respondeat Superior*.

6. As a direct result of Defendants' wrongful conduct, Plaintiff has been deprived of his employment rights and other rights, has lost wages, and other emoluments of the positions denied. Plaintiff has sustained injury to his reputation and future employability. Plaintiff has also suffered emotional distress, pain, and suffering. Further, Plaintiff has been compelled to retain an attorney to vindicate his rights. Additionally, Plaintiff has been otherwise injured.

7. Defendants' acts were discriminatory, wrongful, without basis in law or in fact, arbitrary, capricious, unconscionable, contrary to constitutional and administrative law and otherwise erroneous.

**WHEREFORE,** Plaintiff, Fabian Landa, demands judgment against Defendants, jointly and severally, for money damages, pre and post judgment interest, attorneys' fees and costs of suit, for back pay and front pay, promotion, compensatory damages, attorneys' fees pursuant to 42

U.S.C § 1988 and such other relief as this Court may award in the interests of justice.

                                    **LAW OFFICES OF STEVEN A. VARANO, P.C.**
                                    Attorneys for Plaintiff

Dated: August 24, 2022
Little Falls, New Jersey              BY:/s/ Joseph P. Slawinski
                                    **Joseph P. Slawinski, Esq.**
                                    Law Offices of Steven A. Varano, P.C.
                                    96 Newark Pompton Turnpike
                                    Little Falls, New Jersey 07424
                                    973-256-1414 – Telephone
                                    973-256-6111 – Facsimile
                                    Attorneys for Plaintiff
                                    Fabian Landa