UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FABIAN LANDA,<br><br>**Plaintiff,**<br><br>v.<br><br>**PORT AUTHORITY OF NEW YOK AND NEW JERSEY, PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT, and JOHN AND JANE DOES 1-10 (fictitious names),**<br><br>**Defendants.** | Civ. No. 2:22-cv-05210 (WJM)<br><br>**OPINION** |

In this civil rights action alleging discriminatory and retaliatory employment practices, Defendant Port Authority of New York and New Jersey ("Port Authority" or "Defendant") moves to dismiss Counts II, IV, and V of Plaintiff Fabian Landa's ("Plaintiff") Complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 6. The Court decides the matter without oral argument. Fed. R. Civ. P. 78(b). Upon careful review of the parties' submissions, for the reasons stated below, Defendant's motion to dismiss is **granted**.

I.  **BACKGROUND**

Plaintiff is currently a Port Authority Police Lieutenant for the Port Authority of New York and New Jersey Police Department ("PAPD"). Compl., Stmt. of Facts at ¶ 1. Despite various qualifications, Plaintiff contends that since 2018, he has been passed over for promotions and retaliated against for objecting to certain employment decisions made by Defendant. *Id.* at ¶¶ 11-14, 17-20. Pursuant to 42 U.S.C. § 1983, Plaintiff alleges violations of due process (Count I) and First Amendment rights to free speech (Count II). Plaintiff also claims discrimination (Count IV) and retaliation (Count V) in breach of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1, *et seq.* The remaining counts are for intentional infliction of emotional distress (Count III) and "misfeasance/ malfeasance/nonfeasance" (Count VI).

In Count II, Plaintiff describes two instances in which he contends that his First Amendment right to free speech was violated. First, in response to a "Department Operations Order" on December 15, 2020, Plaintiff states that he emailed his commanding

officer to request a meeting to discuss his "questions and concerns regarding assignments and promotions," but to "no avail." Compl., Stmt. of Facts at ¶ 23, Count II at ¶ 2. Plaintiff alleges that thereafter, a Lieutenant from his command "threatened him that he should be careful with his requests." *Id.* In the second instance, Plaintiff asserts that in 2012 after Hurricane Sandy, he and other officers were not compensated for volunteering to help with recovery efforts at the New Jersey shore but that 12 other officers were selected to receive compensation for their help. Compl., Stmt of Facts at ¶¶ 17-19. Plaintiff purportedly then "made comments to fellow officers, the PAPD, and the public" regarding such "disparate treatment" of officers by the Port Authority. Compl., Stmt of Facts at ¶ 20, Count II at ¶ 3. After learning of those comments, Lieutenant Chris McNerney, who currently serves as "Chief of Staff" to the Superintendent of Police, allegedly "threatened" Plaintiff for those comments and "conspired to retaliate against Plaintiff by interfering with the promotional process in violation of his right of free expression under the First Amendment." Count II at ¶ 3.

In moving to dismiss Count II, Defendant argues that Plaintiff's speech is not protected First Amendment activity. Defendant also seeks dismissal of Counts IV and V on the basis that the NJLAD does not apply to the Port Authority. Plaintiff opposes Defendant's motion and alternatively, requests the opportunity to file an amended pleading.

## II. DISCUSSION

### A. Fed. R. Civ. P. 12(b)(6) Standard

A complaint survives a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss if the plaintiff states a claim for relief that is "plausible on its face." *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 547 (2007). The movant bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). Courts accept all factual allegations as true and draw "all inferences from the facts alleged in the light most favorable" to plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). But courts do not accept "legal conclusions" as true and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

### B. Count II (First Amendment, 42 U.S.C. § 1983)

"To state a First Amendment retaliation claim, a plaintiff must allege two things: (1) that the activity in question is protected by the First Amendment, and (2) that the protected activity was a substantial factor in the alleged retaliatory action."[1] *Hill v. Borough of Kutztown*, 455 F.3d 225, 241 (3d Cir. 2006). "The first factor is a question of law; the

---

[1] The employer can rebut the plaintiff's claim by demonstrating that it would have taken the same adverse conduct absent the protected activity. *Hill*, 455 F.3d at n.23.

2

second factor is a question of fact." *Id.* (citing *Curinga v. City of Clairton*, 357 F.3d 305, 310 (3d Cir. 2004)). "A public employee's statement is protected activity when (1) in making it, the employee spoke as a citizen, (2) the statement involved a matter of public concern, and (3) the government employer did not have an adequate justification for treating the employee differently from any other member of the public as a result of the statement he made." *Gorum v. Sessmons*, 561 F.3d 179, 185 (3d Cir. 2009) (citing *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006)).

Regarding the first factor, public employees do not speak as citizens when the speech is made "pursuant to their professional duties" and in that case, the Constitution does not insulate their communications from employer discipline. *Garcetti*, 547 U.S. at 421. In other words, "while the First Amendment prevents public employers from restricting the liberties enjoyed by their employees as private citizens, it does not empower such employees to 'constitutionalize the employee grievance.'" *Myers v. Cnty. of Somerset*, 515 F. Supp. 2d 492, 500 (D.N.J. 2007), *aff'd*, 293 F. App'x 915 (3d Cir. 2008) (citing *Garcetti*, 547 U.S. at 420). Here, Plaintiff's email to his commanding officer requesting a meeting "to discuss promotional concerns," and his objections to Defendant's selection of other officers for a 2012 Hurricane Sandy work assignment were pursuant to Plaintiff's professional duties rather than spoken as a citizen. *See De Ritis v. McGarrigle*, 861 F.3d 444, 454 (3d Cir. 2017) ("an employee does not speak as a citizen if the mode and manner of his speech were possible only as an ordinary corollary to his position as a government employee"). Citizens would not request a meeting to discuss PAPD internal police promotion policies or object to PAPD work assignment decisions. *See e.g., Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 244 (3d Cir. 2016) (finding plaintiff-officers were not speaking as citizens but pursuant to their public employee professional responsibilities when they wrote their objections to certain police policy on counseling forms because "[c]itizens do not complete internal police counseling forms."). Thus, neither of Plaintiff's statements were spoken as a citizen. Accordingly, the Court need not address the second or third remaining factors because as a matter of law, Plaintiff did not engage in speech protected under the First Amendment.

Moreover, even if Plaintiff had sufficiently pled that he engaged in First Amendment protected activity, Plaintiff has failed to plausibly allege retaliatory conduct sufficient to "deter a person of ordinary firmness from exercising his First Amendment rights." *Suppan v. Dadonna*, 203 F.3d 228, 235 (3d Cir. 2000)). Although Plaintiff alleges in Count II that he was "threatened" twice, *see* Compl., Count II at ¶¶ 2, 3, the Court cannot accept as true mere conclusory statements. Plaintiff fails to plead any facts that show that he in fact received actual threats. To the extent that Plaintiff posits that the retaliatory conduct was "interfering with the promotional process," Plaintiff, by his own assertion, was passed over for promotions since 2018, two years *prior* to Plaintiff's request for a meeting which occurred sometime after December 15, 2020. Additionally, Plaintiff was allegedly bypassed for promotions beginning *six years* after he complained about staffing decisions for Hurricane Sandy recovery efforts in 2012.

Defendant's motion to dismiss Count II is **granted.** Because any amendment to show that Plaintiff's speech was protected activity would be futile, Count II is **dismissed with prejudice.** *See Phillips v. County of Allegheny,* 515 F.3d 224, 245 (3d Cir. 2008).

### C. Counts IV and V (NJLAD)

"The Port Authority was created in 1921 by a Compact between New York and New Jersey." *Pardo v. Port Auth. of N.Y. & New Jersey,* No. 08-1311, 2009 WL 689730, at *10 (D.N.J. Mar. 10, 2009). "A bi-state entity, created by compact, is 'not subject to the unilateral control of any one of the States that compose the federal system.'" *hip Heightened Independence and Progress, Inc. v. Port Auth. of New York and New Jersey,* 693 F.3d 345, 356-57 (3d Cir. 2012) (citing *Int'l Union of Operating Eng'rs, Local 542 v. Del River Joint Toll Bridge Comm'n,* 311 F.3d 273, 281 (3d Cir. 2002)). The law of an individual state "may only be imposed on the bi-state entity when the Compact itself states that the entity is subject to single state jurisdiction." *Holley v. Port Authority of New York and New Jersey,* No. 14-7534, 2017 WL 4570801, at *1 (D.N.J. June 8, 2017); *Melendez v. Port Auth. of New York & New Jersey,* No. 16-8362, 2020 WL 1531370, at *3 (D.N.J. Mar. 31, 2020). Accordingly, New Jersey is "barred from applying its civil rights and construction code statutes to the Authority." *hip Heightened Independence and Progress, Inc.,* 693 F.3d at 358 (affirming district court's dismissal of state law claims including NJLAD claim); *see also Melendez,* 2020 WL 1531370, at *3-4 (collecting cases and recognizing weight of binding authority holding NJLAD inapplicable to Port Authority). Counts IV and V are **dismissed with prejudice** as any amendment of those claims would be futile. *See e.g., Holley,* 2017 WL 4570801 (denying as futile motion to amend to add NJLAD claims since NJLAD does not apply to bi-state agencies).

### III. CONCLUSION

For the reasons noted above, Defendant's Fed. R. Civ. P. 12(b)(6) motion to dismiss is **granted.** Counts II, IV and V of the Complaint are **dismissed with prejudice.**

/s/ William J. Martini
WILLIAM J. MARTINI, U.S.D.J.

Date: April 20, 2023